Zhi Hui Zhu v. Barr

BIA
Chew, IJ
A205 621 388

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12ᵗʰ day of April, two thousand nineteen.

PRESENT:
>      REENA RAGGI,
>      PETER W. HALL,
>      DENNY CHIN,
>           *Circuit Judges.*

_____

ZHI HUI ZHU,
>      *Petitioner,*

>      v.                                          17-320
                                                    NAC
WILLIAM P. BARR,
UNITED STATES ATTORNEY GENERAL,
>      *Respondent.*

_____

FOR PETITIONER:          Joshua E. Bardavid, New York, NY.

FOR RESPONDENT:          Chad A. Readler, Principal Deputy
                         Assistant Attorney General; Derek
                         C. Julius, Assistant Director;
                         Patricia E. Bruckner, Trial
                         Attorney, Office of Immigration
                         Litigation, United States
                         Department of Justice, Washington,
                         DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zhi Hui Zhu, a native and citizen of the People's Republic of China, seeks review of a January 19, 2017, decision of the BIA affirming a February 29, 2016, decision of an Immigration Judge ("IJ") denying Zhu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhi Hui Zhu,* No. A 205 621 388 (B.I.A. Jan. 19, 2017), *aff'g* No. A 205 621 388 (Immig. Ct. N.Y. City Feb. 29, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and BIA's decisions. *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review the agency's factual findings for substantial evidence and its legal conclusions de novo. *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013).

Zhu had the burden of proving a well-founded fear of persecution on account of his political activism. 8 U.S.C.

§§ 1101(a)(42), 1158(b)(1)(B)(i). To do this, he was required to show that he subjectively feared persecution and that his fear was objectively reasonable. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004); *see also Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record," an asylum applicant's fear of persecution is "speculative at best."). He could meet his burden by establishing either "a reasonable possibility he . . . would be singled out individually for persecution" or "a pattern or practice . . . of persecution of a group of persons similarly situated to [him] on account of . . . political opinion" along with his "own inclusion in, and identification with, such group." 8 C.F.R. § 1208.13(b)(2)(iii); *see also Y.C.*, 741 F.3d at 332. Because his claim was based solely on his activities in the United States, Zhu had to show a reasonable possibility that Chinese authorities were either already aware, or likely to become aware, of his political activities in the United States. *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008).

3

In determining whether an asylum applicant has met his burden of proof, the agency considers the credibility of the testimony and any corroborating evidence.

> The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee. In determining whether the applicant has met the applicant's burden, the trier of fact may weigh the credible testimony along with other evidence of record. Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence.

8 U.S.C. § 1158(b)(1)(B)(ii). We first address credibility and conclude that the agency's decision not to credit Zhu's testimony is supported by substantial evidence. *See id.* § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76-77 (2d Cir. 2018); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

> Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements . . ., the internal consistency of each such statement, the consistency of such statements with other evidence of record (including the reports of

4

the Department of State on country conditions), and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor.

8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Hong Fei Gao v. Sessions*, 891 F.3d at 76, (quoting *Xiu Xia Lin*, 534 F.3d at 167); *see also* 8 U.S.C. § 1252(b)(4)(B).

The agency reasonably determined that Zhu's brief testimony regarding Chinese officials' alleged visit to his wife in China was not credible. The visit came up for the first time on cross examination, and Zhu provided no details about when the visit occurred, when he learned about it, or what officials said to his wife. *See id.* § 1158(b)(1)(B)(ii) (requiring credible and persuasive testimony). Although Zhu's asylum application was filed in 2012, and Zhu argues that this incident did not occur until after he published an article critical of the Chinese government in 2015, this does not explain why he did not raise the issue earlier. Zhu never amended or supplemented his asylum application, he did not mention the visit during his direct testimony despite

5

being directly asked why he thought the Chinese government was aware of his activities in the United States, and he did not corroborate his allegation with a letter from his wife. *See id.* § 1158(b)(1)(B)(iii); *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."); *see also Wensheng Yan v. Mukasey*, 509 F.3d 63, 66 (2d Cir. 2007) ("It is well settled that, in assessing the credibility of an asylum applicant's testimony, an IJ is entitled to consider whether the applicant's story is inherently implausible.").

The agency's negative demeanor finding further supports the adverse credibility ruling. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) (granting particular deference to credibility findings based on an applicant's demeanor). The hearing transcript confirms the IJ's findings that Zhu's testimony about his time in Germany and the articles he authored was evasive and nonresponsive, particularly as he

did not produce additional articles he claimed to have authored.

Even assuming that Zhu was credible, the agency did not err in concluding that he failed to meet his burden of showing that the government was actually aware of his activities. "[A] failure to corroborate can suffice, without more, to support a finding that an alien has not met his burden of proof." *Chuilu Liu v. Holder*, 575 F.3d 193, 198 n.5 (2d Cir. 2009). Because Zhu could have, but did not, produce a letter from his wife to confirm the visit, the agency did not err in concluding that he failed to meet his burden of proof. *See* 8 U.S.C. § 1158(b)(1)(B)(ii).

Zhu's only other evidence of awareness was speculative and, thus, insufficient to meet his burden of proof. *See* *Jian Xing Huang*, 421 F.3d at 129. Zhu alleged that there were cameras at the protests he participated in and that the Chinese government monitors the internet. The agency did not err in concluding that this evidence was insufficient, especially as Zhu published only a single article. *See Y.C.*, 741 F.3d at 333-34, 336-37. Nor did the agency err in concluding that Zhu failed to show a pattern or practice of persecution of similarly situated pro-democracy activists:

7

the State Department's 2014 Human Rights Report and a news article discussed the arrests of political dissidents who were active within China, but neither mentioned arrests of United States-based activists who returned to China. *See* 8 C.F.R. § 1208.13(b)(2)(iii); *Y.C.*, 742 F.3d at 334-35. The party chairman's affidavit also provided no objective basis for Zhu's belief because it only identified harm to individuals engaged in dissident activity in China.

In sum, the agency reasonably found that Zhu failed to demonstrate a well-founded fear of persecution as needed for asylum because he did not provide credible testimony or any objective evidence that the Chinese government was aware or likely to become aware of his activities. *See Hongsheng Leng,* 528 F.3d at 143. Accordingly, Zhu also failed to meet the higher burdens of proof for withholding of removal and CAT relief. *See Y.C.,* 741 F.3d at 335.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

8